[Civil No. 4256.   Filed November 25, 1940.]

[107 Pac. (2d) 374.]

YUMA COUNTY, Appellant, v. THE STATE OF ARIZONA, Appellee.

Mr. Glenn Copple, County Attorney, and Mr. John B. Wisely, Jr., Deputy County Attorney, for Appellant.

Mr. Joe Conway, Attorney General, and Mr. Albert M. Garcia, Assistant Attorney General, for Appellee.

ROSS, C. J.—This is an appeal by Yuma County from a judgment in favor of the state foreclosing a mortgage.

On or about December 27, 1916, Fred L. Ingraham and Inez L. Ingraham, his wife, executed and delivered to the State of Arizona a mortgage on Lots 3 and 4 and the NW¼ of the SE¼ of Section 23, Township 8 South, Range 24 West of the Gila & Salt River Base and Meridian, Yuma County, Arizona, to secure their note of even date to the state in the sum of $4,500, bearing interest at 6 per cent. per annum and payable ten years after date. The mortgagors paid interest up to and including the year 1933. They have paid no part of the principal and no interest except as above stated.

On April 26, 1938, the state filed its action to foreclose the mortgage and thereafter, on April 18, 1939, it filed its amended complaint, upon which the case was tried. Besides the mortgagors, it made the numerous parties named in the title of the case, including Yuma County, defendants and alleged that such defendants have, or claim to have, some estate, claim, interest or lien in the mortgaged property, but that such claims were inferior to the state's mortgage lien.

The case was tried to the court and resulted in a judgment and decree foreclosing the mortgage lien of the state, which the court held was superior to the claims of all defendants except the Yuma County Water Users' Association, a corporation.

Only Yuma County has appealed from the judgment. Before we state the grounds of such appeal, we summarize the county's answer.

The answer admits that the county "has and claims to have some estate, claim and interest in and to the lands," but nowhere states what is the basis of such claims nor sets out any fact showing any interest or estate in the mortgaged land. The county pleads the statute of limitation has run against the note and mortgage. It alleges that on March 2, 1935, the state received a sheriff's tax deed to the premises and by reason thereof is the owner in fee. It also alleges that the state is the owner in fee of the mortgaged premises by virtue of a county treasurer's tax deed dated August 25, 1937, and that it holds such tax titles in trust for the use and benefit of Yuma County and other and various taxing municipalities within which the said land lies. It alleges that the plaintiff's mortgage lien is inferior and subsequent to the lien for taxes and that the tax lien wiped out the mortgage lien. It prays for no affirmative relief but that it be dismissed and that plaintiff take nothing.

It does not seem to us that Yuma County is in a position to complain of the court's judgment. According to its answer, it is not interested in the mortgaged premises. It asserts no claim or right therein and as a matter of law it has none. The lien for taxes under the statute is in favor of the state and it only can foreclose such tax lien. *Conway* v. *Mosher,* 55 Ariz. 307, 101 Pac. (2d) 209. The county has no lien for taxes. While some of the taxes for which property is sold to the state do belong to the county, there is no duty on the part of the state, or its agents, to pay the county its proportion until the taxes are realized out of the property. Section 20, chapter 103, Laws of 1931, or the part here material, reads:

" . . . No taxes assessed against property so sold to the state of Arizona shall be payable until the same shall have been derived from the sale or redemption of such property or certificate of purchase. . . . "

See, also, section 33, Id.

It is not shown by the pleadings or otherwise that the state has collected any of the taxes owed by the mortgaged premises, or that it has sold or disposed of such land and realized in that way any moneys to which Yuma County is entitled.

■ It seems to us that, before Yuma County could interpose the statute of limitations against the mortgage and note, it would have to show in some way that it had some interest or estate in the mortgaged premises. It has not done so.

■ Whether if and when the state sells the premises the tax lien against the proceeds is superior to the mortgage lien is a question that may well be postponed until that event occurs. It might be the price obtained would be sufficient to satisfy both liens, in which case there would be no controversy. However that may be, we do not think we should undertake to decide an issue not properly presented by the pleadings, or the assignments, or the briefs.

For the reasons given, the judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.